UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

KEVIN DANIELS,

                           Plaintiff,                **COMPLAINT**

  -against-

                                                      **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,
POLICE OFFICER SAUL A DELACRUZ,
and POLICE OFFICER JESUS A MUNET,

                           Defendant(s).
-----------------------------------------------------------X

        Plaintiff KEVIN DANIELS, by his attorneys, THE LAW OFFICE OF FRED LICHTMACHER P.C. and the law firm of HALPERIN & HALPERIN, P.C., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

        1.      Jurisdiction is founded upon the existence of a Federal Question.

        2.      This is an action to redress the deprivation under color of statute, ordinance, regulation, custom, or usage of rights, privileges, and immunities secured to plaintiff by the Fourth and Fourteenth Amendments to the Constitution of the United States pursuant to 42 U.S.C. § 1983 and the common law of the State of New York.

        3.      Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(3 & 4).

        4.      Venue is appropriate pursuant to 28 U.S.C. §1391 (b) (1).

        5.      This Court has jurisdiction to hear plaintiff's state claims pursuant to 28 U.S.C. § 1367.

## PARTIES

6. The plaintiff, KEVIN DANIELS, was and still is an adult male resident of the City of New York, County of Kings and State of New York.

7. Upon information and belief, at all times hereinafter mentioned, defendant, THE CITY OF NEW YORK (hereinafter, "NYC"), its agents, servants and employees operated, maintained and controlled the NYC POLICE DEPARTMENT (hereinafter, "NYPD"), including all the police officers thereof.

8. Upon information and belief, at all times hereinafter mentioned, the defendant NYC, was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and at all times relevant defendants POLICE OFFICER SAUL A DELACRUZ and POLICE OFFICER JESUS A MUNET from the 67th Precinct, were acting for, upon, and in furtherance of the business of their employer and within the scope of their employment by NYC and the NYPD.

9. This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, § 1983.

10. Each and all of the acts of the defendants alleged herein were done by the defendants, acting as state actors acting under color of law.

## STATEMENT OF FACTS

11. On July 14, 2016, at approximately 7:43 PM at the intersection of Linden Blvd and East 56th Street in Brooklyn, New York, plaintiff was intentionally struck by a police

vehicle (hereinafter, "RMP") operated by defendant Delacruz while plaintiff was operating a motorcycle.

12. Upon information and belief, defendant Delacruz intended to stop the plaintiff although plaintiff had not committed any traffic infractions, and employed his RMP to strike him with for that purpose.

13. As a consequence of being struck by the RMP operated and controlled by defendant Delacruz, plaintiff incurred serious injuries to several parts of his body, including but not limited to his head, neck, back, jaw, teeth, arms, wrists, knees and legs, as well as bruising, permanent scarring, multiple fractures; he needed to be hospitalized; and he was otherwise harmed.

14. Defendant Delacruz had no reason to believe plaintiff had committed or was about to commit a crime when he intentionally struck plaintiff with his RMP in an effort to stop him, nor was plaintiff fleeing from the police when he was struck by the RMP.

15. Defendant Delacruz did not alert plaintiff he wanted him to stop his motorcycle; and in fact, defendant Delacruz disobeyed a steady red traffic signal in order to intentionally strike the plaintiff with his RMP.

16. After Delacruz struck plaintiff with his RMP, plaintiff was handcuffed and locked inside the defendants' RMP with the windows rolled up with no air conditioning in extremely hot weather while plaintiff was suffering and in pain from multiple injuries including multiple fractures, bleeding, sweating profusely and in obvious need of immediate medical care.

17. Upon information and belief, the defendants left the plaintiff in their RMP in order to plan a defense to the obviously indefensible act of intentionally striking the plaintiff

with their RMP.

18. Witnesses approached the defendants about what they had done and were doing to the plaintiff and the defendants lied to the witnesses, falsely advising them that plaintiff had already been transported to the precinct, when in fact plaintiff was still locked, sweating and bleeding in the back of the RMP.

19. An NYPD Captain arrived and ordered the defendants to immediately release plaintiff from custody and provide him with necessary medical assistance; and thereafter, an ambulance was finally dispatched in order to transport plaintiff to Kings County Hospital.

20. Plaintiff was served with summonses by defendant Delacruz and included within said summonses were entirely false statements made by defendant Delacruz.

21. Plaintiff lost time from work, he was seriously injured, some of his injuries are permanent, he endured extreme pain, he suffered fractured bones, he is scarred, his extremely young children were left unattended, and he was otherwise severely harmed physically, emotionally and otherwise.

22. Many of plaintiff's serious injuries are permanent.

## CONDITIONS PRECEDENT

23. On September 30, 2016, and within ninety days after plaintiff's state claims arose, a Notice of Claim was served on the Comptroller of the City of New York, by delivering copies thereof to the person designated by law as a person to whom such claims may be served and as of this date plaintiff's demand for payment has not been addressed by the defendants.

24. The Notice of Claim was in writing and sworn to by the plaintiff, and

4

Case 1:16-cv-09080-AJN   Document 1   Filed 11/23/16   Page 5 of 15

contained the name and post office address of the plaintiff and his attorneys.

25. The Notice of Claim sets forth the nature of the claims, the time when, the place where and manner by which the claims arose, and damage and injuries claimed to have been sustained.

26. To date, plaintiff's testimony pursuant to General Municipal Law §50-h has not been noticed or taken.

27. More than thirty days have elapsed since the service of the aforementioned Notice of Claim and adjustment or payment thereof has been neglected or refused.

28. The state claims in this cause of action are commenced within one year and ninety days of when these causes of action arose; and the federal claims are brought in a timely manner within three years of the date they accrued.

**AS AND FOR A FIRST, SEPARATE & DISTINCT
CAUSE OF ACTION
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
THE USE OF EXCESSIVE AND UNREASONABLE FORCE**

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

30. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. § 1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendant Delacruz, who intentionally ran into him with a police vehicle.

31. The excessive force which the plaintiff was subjected to, was effected by

Delacruz without authority of law and without any reasonable necessity to use any force, much less the excessive and unreasonable force he employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with intent to inflict pain and suffering.

32. As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution, being more particularly plaintiff's right to be free from the use of excessive and unreasonable force.

33. By reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring plaintiff to receive medical treatment, hospitalization, he incurred permanent scarring, broken bones, loss of bodily function, he was cut and bruised, he was subjected physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he lost time at work and assisting in raising his children, he has incurred lost wages, medical bills, he faces future medical care and expenses for said care and plaintiff was otherwise harmed.

34. By reason of the aforesaid, the plaintiff has been damaged in a sum not less than TWO MILLION ($2,000,000.00) DOLLARS; and in addition, plaintiff is entitled to an award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

**AS AND FOR AN SECOND, SEPARATE & DISTINCT**
**CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO**
**NEW YORK STATE LAW VIA**
**BATTERY**

35. Plaintiff repeats, reiterates and realleges each and every allegation

contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

36. The defendants have committed the common law tort of battery on the plaintiff.

37. The defendant NYC is vicariously liable to the plaintiff for the individual defendants' common law torts via the principle of *respondeat superior*.

38. New York CPLR § 1601 does not apply pursuant to the exception provided by CPLR § 1602(1)(b).

39. The battery of the plaintiff was initiated by the defendant NYC, its agent (Delacruz), servant and employee, without any legal justification or necessity to use any force much less the excessive and unreasonable force which was employed.

40. By reason of the unlawful battery, plaintiff was harmed physically, requiring plaintiff to receive medical treatment, hospitalization, he incurred permanent scarring, broken bones, loss of bodily function, he was cut and bruised, he was subjected to other physical pain, humiliation, embarrassment, anxiety, he was and is still is being subjected to various ongoing physical and emotional harms, he was prevented from working and assisting in raising his children, he has incurred lost wages, medical bills, he faces future medical care and expenses for said care and plaintiff was otherwise harmed.

41. By reason of the aforesaid, the plaintiff has been damaged in a sum not less than TWO MILLION ($2,000,000.00) DOLLARS.

### AS AND FOR AN THIRD, SEPARATE & DISTINCT
### CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### NEW YORK STATE LAW VIA
### ASSAULT

42. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

43. The defendants have committed the common law tort of assault upon the plaintiff.

44. The defendants caused the plaintiff to be in apprehension of an imminent, unconsented, harmful and offensive touching by the defendants.

45. By reason of the unlawful assault upon the plaintiff, the plaintiff suffered fear, anxiety, humiliation and various emotional harms and he was otherwise harmed.

46. By reason of the aforesaid, the plaintiff has been damaged in a sum not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

### AS AND FOR AN FOURTH, SEPARATE & DISTINCT
### CAUSE OF ACTION
### VIOLATION OF PLAINTIFF'S RIGHTS PURSUANT TO
### 42 U.S.C. § 1983 AND THE FOURTH AMENDMENT VIA
### BEING SUBJECTED TO AN UNREASONABLE SEIZURE

47. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

48. Plaintiff's rights have been violated under the Fourth Amendment of the United States Constitution  made applicable to the states via the Fourteenth Amendment pursuant

to 42 U.S.C. § 1983, in that the defendants' treatment of plaintiff unlawfully subjected him to an unreasonable seizure in that plaintiff was handcuffed in a locked car, with no air conditioning and the windows rolled up for approximately one hour in extreme heat while he was bleeding and suffering from multiple fractures after being struck by defendants' RMP.

49.     The unreasonable confinement to which plaintiff was subjected exacerbated the pain and suffering plaintiff was subjected to from being run into by the RMP and created additional harms due to him intentionally being subjected to extreme heat and a delay in medical treatment while he was suffering from multiple fractures, bleeding and suffering great pain.

50.     The defendants in so doing acted without authority of law and without any reasonable necessity to subject the plaintiff to the unreasonable and even cruel and unusual conditions they inflicted upon him which they did without legal justification, without plaintiff's consent, with malice and with either intent or deliberate indifference to the substantial additional pain and suffering they were inflicting on the plaintiff.

51.     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution.

52.     By reason of the defendants' actions and inactions the plaintiff was subjected to both new injuries as well as an exacerbation of the injuries they inflicted on him, plaintiff endured great pain, fear for his well being, he was emotionally harmed and he was otherwise harmed.

53.     By reason of the aforesaid, the plaintiff has been damaged in a sum not less than TWO MILLION ($2,000,000.00) DOLLARS; and in addition, plaintiff is entitled to an

award of punitive damages, and an award of attorneys' fees is appropriate pursuant to 42 U.S.C. §1988.

## AS AND FOR A FIFTH
## CAUSE OF ACTION
## COMMON LAW NEGLIGENCE/VIOLATION OF
## NEW YORK STATE VEHICLE AND TRAFFIC LAW

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

55. Upon information and belief, at all times hereinafter mentioned, defendant NYC was and still is the titled owner of a certain motor vehicle consisting of a 2015 Chevrolet sedan bearing Plate and/or Registration No. 528915 of the NYPD (hereinbefore referred to as the "RMP").

56. Upon information and belief, at all times hereinafter mentioned, defendant NYC managed, maintained and controlled the aforesaid RMP.

57. Upon information and belief, at all times hereinafter mentioned, defendant Delacruz operated the aforesaid RMP of the NYPD, with the permission and consent, express or implied, of the owner of said vehicle.

58. At all times hereinafter mentioned, plaintiff operated, managed and controlled a certain motor vehicle consisting of a 2016 Kawasaki Motorcycle bearing registration number 70JR86 of the State of New York on East 56th Street in a southerly direction in the vicinity of Linden Blvd. in the City of New York, County of Kings and State of New York.

59. At all times hereinafter mentioned, defendant Delacruz was operating the

RMP in an easterly direction on Linden Blvd. in the vicinity of East 56th Street Avenue in the City of New York, County of Kings and State of New York.

60. On or about July 14, 2016 at approximately 7:30 P.M., the aforementioned RMP operated by defendant Delacruz came into violent contact and collided with the aforementioned Motorcycle operated, managed and controlled by the plaintiff.

61. The aforesaid occurrence and the resultant injuries sustained by the plaintiff were caused solely by reason of the negligent conduct committed against the plaintiff by NYC by and through its officers, agents, employees and/or subcontractors who were engaged in the operation of the RMP, including defendant Delacruz and/or other members of the NYPD.

62. In particular, it is alleged that defendant Delacruz and/or other members of the NYPD caused their RMP to enter into intersection against the light and strike the Claimant's motorcycle, and in so doing, the aforesaid occurrence and the resultant injuries sustained by the plaintiff were caused by and through the negligence, carelessness, recklessness, intentional conduct and wanton disregard on the part of NYC by and through its officers, agents, employees and/or subcontractors, including defendant Delacruz and/or other members of the NYPD, and each of them, as follows:

(a) In the ownership, management, operation, maintenance and control of the aforesaid RMP;

(b) in operating the aforesaid RMP in a careless and imprudent manner under the conditions then and there existing;

(c) In operating the aforesaid RMP at an excessive and dangerous rate of speed or at rate of speed that care and caution would permit under the circumstances then and

11

there existing;

(d) In failing to equip the aforesaid RMP with appropriate safety and emergency equipment in compliance with law;

(e) In failing to equip the aforesaid RMP with proper brakes; in failing to make proper application of the brakes; in failing to apply the brakes in time;

(f) in failing to look;

(g) In failing to see;

(h) In failing to stop;

(i) In failing to yield;

(j) In failing to observe the roadway;

(k) in Failing to maintain the aforesaid RMP under due and proper control;

(l) In failing to sound horn or give any signal, notice or warning;

(m) In failing to avoid a collision although the operator had a full opportunity to avoid the same;

(n) In failing to obey the traffic signals provided in the vicinity of the aforementioned roadway;

(o) In failing to obey the signs provided in the vicinity of the aforementioned roadway;

(p) In failing to comply with the statute, laws and ordinances made and provided for vehicular traffic on the highways of the State of New York;

(q) In failing to comply with the statute, laws and ordinances made and provided for vehicular traffic on the highways of the City of New York;

(r)  In failing to comply with the rules and regulations applicable to police or emergency vehicles promulgated by the City of New York, the Sate of New York and/or the New York City Police Department;

(s)  In failing to avoid a collision although NYC and the NYPD by and through its officers, agents, employees and/or subcontractors had a full opportunity to avoid same; and

(t)  In otherwise being careless, negligent and reckless in the happening of the aforesaid occurrence.

63.  Plaintiff was in no way negligent in the happening of the aforesaid occurrence.

64.  By reason of the negligence and recklessness of the defendants NYC and Delacruz as aforesaid, plaintiff was caused to sustain serious and severe personal injuries which are permanent in nature; has been and will be, caused great pain and suffering; has been and will be, caused to be rendered sick, sore, lame and disabled; has been caused to be incapacitated from his usual duties, activities and employment and may in the future continue to be so incapacitated; has been and will be caused to expend large sums of money in an effort to cure himself of said injuries; was caused to be incapacitated from his usual duties and activities and may in the future continue to be so incapacitated.

65.  By reason of the foregoing, plaintiff has sustained a serious personal injury greater than that as defined in Subdivision (d) of Section 5102 of The Insurance Law of The State of New York and has sustained a serious economic loss greater than that as defined in Subdivision (a) of Section 5102 of The Insurance Law of The State of New York.

66. By reason of the foregoing, plaintiff is entitled to recover for non-economic loss and for all economic losses sustained.

67. By reason of the foregoing, plaintiff has been damaged in the sum of not less than TWO MILLION ($2,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the defendants, as follows:

1. As to the First Cause of Action, an indeterminate sum of not less than TWO MILLION ($2,000,000.00) DOLLARS**;** and an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988;

2. As to the Second Cause of Action, an indeterminate sum of not less than TWO MILLION ($2,000,000.00) DOLLARS**;**

3. As to the Third Cause of Action, an indeterminate sum of not less than ONE HUNDRED THOUSAND ($100,000.00) DOLLARS;

4. As to the Fourth Cause of Action, an indeterminate sum of not less than TWO MILLION ($2,000,000.00) DOLLARS**;** and an award of punitive damages and attorneys' fees pursuant to 42 U.S.C. §1988; and

5. As to the Fifth Cause of Action, an indeterminate sum of not less than TWO MILLION ($2,000,000.00) DOLLARS**;** and

6. As to all causes of action, the costs and disbursements of this action; a trial by jury of all issues set forth in this complaint; and such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
November 22, 2016

/ S /
FRED LICHTMACHER FL-5341
The Law Office of Fred Lichtmacher P.C.
Co-Counsel for Plaintiff
KEVIN DANIELS
Office & P.O. Address
116 West 23rd Street Suite 500
New York, New York 10011
(212) 922-9066


/ S /
Steven T. Halperin, Esq.
HALPERIN & HALPERIN, P.C.
Co-Counsel for Plaintiff
KEVIN DANIELS
Office & P.O. Address
18 East 48th Street
New York, New York 10017
(212) 935-2600

To: Zachary Carter
Corporation Counsel City of New York
Attorneys for NYC
100 Church Street
New York, New York 10007